IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH COOK                                          PETITIONER

V.                          CIVIL ACTION NO. 3:17-cv-863-WHB-JCG

SUPERINTENDENT SMCI                          RESPONDENT
JACQUELYN BANKS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for Writ of
Habeas Corpus by a Person in State Custody, filed by Petitioner Joseph Cook. (ECF
No. 1). Cook alleges that he was denied due process and effective assistance of
counsel during underlying criminal proceedings in state court. Respondent
Jacquelyn Banks, the Superintendent of South Mississippi Correctional Facility
(SMCI) in Leakesville, Mississippi, has filed a Motion to Dismiss (ECF No. 12),
alleging that Cook's Petition is barred by the one-year statute of limitations in 28
U.S.C. § 2244(d).

Petitioner has filed a Response (ECF No. 14), submitting that "[t]he
underlying question of law in this matter is whether or not the one-year statute of
limitations provision . . . trumps Constitutional guarantees of Due Process." (ECF
No. 14). Having considered the submissions of the parties, the record, and relevant
law, the undersigned United States Magistrate Judge concludes that Cook's
Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner has presented no evidence of actual innocence, and there are no rare and exceptional circumstances warranting equitable tolling.

## BACKGROUND

Cook is a postconviction inmate in the custody of the Mississippi Department of Corrections, currently housed at SMCI. Following a jury trial in the Circuit Court of Rankin County, Mississippi, Cook was convicted on April 11, 2013, of two counts of sexual battery on his girlfriend's daughter and one count of directing or causing a felony to be committed by the girlfriend's son. *Cook v. State*, 161 So. 3d 1057, 1059 (2015). Prior to these convictions, Cook was convicted in 1997 of two separate counts of grand larceny. For the 1997 grand larceny convictions Cook was sentenced to four years on each count, with the sentences to run concurrently. *Id.* at 1063. The sentences were suspended on the condition that Cook complete a regimented inmate discipline program and five-years supervised probation. *Id.*

For his 2013 convictions, Cook was sentenced as a habitual offender under Mississippi Code Section 99-19-81, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code § 99-19-81.

Cook was sentenced to serve a term of life imprisonment without the possibility of parole for each count of sexual battery and twenty years for causing a minor to commit a felony. *Id.* at 1069. All sentences were ordered to run concurrently. *Id.* On April 23, 2015, Cook's convictions and sentences were affirmed by the Mississippi Supreme Court. *Id.* at 1070.

On July 28, 2015, Cook filed a *pro se* "Petition for Writ of Certiorari," docketed as Mississippi Supreme Court Cause No. 2015-M-01165, in which he alleged seven errors at trial and during the appeals process (ECF No. 12-3). On November 19, 2015, the Mississippi Supreme Court found that, because it had entered the order denying Cook's direct appeal, a petition for writ of certiorari was not procedurally proper under Mississippi Rule of Appellate Procedure 17 (ECF No. 12-4). The Court treated the "Petition for Writ of Certiorari" as a motion for postconviction relief because Cook raised claims of ineffective assistance of counsel (ECF No. 12-4). The Mississippi Supreme Court found no merit to Cook's claims and denied his motion on grounds that Cook had not shown the denial of a state or federal right. *Id.*

On April 3, 2017, Cook, through counsel, filed an "Extraordinary Writ: Motion to Reopen Direct Appeal or, in the Alternative, Leave to Seek Post-Conviction Relief in the Trial Court." (ECF No. 12-5). The "Extraordinary Writ" was docketed by the Mississippi Supreme Court as Cause No. 2017-M-00455. *Id.* On August 23, 2017, the Mississippi Supreme Court found the filing to be in the nature of a motion for postconviction relief and treated it as such (ECF No. 12-6). The

Mississippi Supreme Court concluded that the motion for postconviction relief was successive and "several of the issues raised were scrutinized and rejected in the prior proceeding." *Id*. The Mississippi Supreme Court found that Cook had presented "no arguable basis for these claims" and dismissed the petition. *Id*. Cook's petition for reconsideration was denied on October 13, 2017 (ECF No. 12-7).

On October 27, 2017, Cook, through counsel, filed the instant 28 U.S.C. § Petition for Writ of Habeas Corpus, raising two grounds for relief and seeking an order that Cook be retried or that his direct appeal in the Mississippi Supreme Court be reopened. (ECF No. 1, at 15). Cook maintains that, during the direct appeal of his underlying state convictions, he was deprived of his constitutional right to due process under the Fourteenth Amendment because his counsel did not file a reply brief, although his counsel had previously requested an extension of time to file a reply brief (Ground One) (ECF No. 1, at 5). Cook asserts that, during trial and on direct appeal, he was denied ineffective assistance of counsel in violation of the Sixth Amendment because of his appellate counsel's abandonment and his trial counsel's "failure to effectively argue reasonable doubt in support of actual innocence" (Ground Two) (ECF No. 1, at 7).

According to Cook, his trial counsel "failed to introduce existent credible scientific studies," and appellate counsel did not advise Cook "that he was abandoning further input into his direct appeal and that he had filed no Reply Brief." *Id*. at 2-3. Cook acknowledges that a reply brief is optional under Mississippi Rule of Procedure 28(d) but submits that appellate counsel was ineffective and

4

violated the professional conduct rules of the American Bar Association and Mississippi Rules of Professional Conduct 1.4 by not communicating his decision to Cook that he was not going to file a reply brief. *Id.* at 2.   Cook contends that the Mississippi Supreme Court violated his due process rights by affirming his convictions on direct appeal without acknowledging that appellate counsel had abandoned him. *Id.* at 2-3. Cook alleges that his due process rights were violated because the Mississippi Supreme Court mishandled his *pro se* "writ of certiorari," which Cook believes should have been referred to the Circuit Court Rankin County. *Id.* at 4. Cook submits that the Mississippi Supreme Court violated Mississippi Rule of Appellate Procedure 6(c)(2), Uniform Circuit and County Court Rule 8.05, and Cook's due process rights because, after appellate counsel's alleged abandonment, the state court did not conduct an on-record examination of Cook to determine if Cook knowingly and voluntarily desired to act as his own attorney. *Id.* at 4, 6. Cook contends that "the way in which this matter was mishandled by the State imposed a substantial impediment to his timely filing a Federal Habeas Petition insofar as such a Federal Petition is only permissible if <u>all</u> State remedies have been exhausted." *Id.* at 5.

In retort, Respondent Jacquelyn Banks has filed a Motion to Dismiss (ECF No. 12), asserting that Cook's Petition for Writ of Habeas Corpus is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d). Banks maintains that Cook has not

submitted a valid actual innocence claim and that there are no grounds to equitably toll the statute of limitations.

DISCUSSION

A.    Standard of Review

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1) and (2).

B.    <u>Analysis</u>

Unless the narrow exceptions of 28 U.S.C. § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date the petitioner's judgment of conviction becomes final, subject to statutory tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See, e.g., Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Flanagan v. Johnson*; 154 F.3d 196 (2011); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998).

Cook was convicted on April 11, 2013. The Mississippi Supreme Court affirmed his convictions on April 23, 2015 (ECF No. 12-2). Convictions become final for the purposes of § 2244(d)(1)(A) when the Supreme Court rejects the petition for certiorari or rules on the merits, or by "the expiration of the time for seeking such review." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Because Cook did not seek a writ of certiorari to the United States Supreme Court, his convictions became final ninety days after the Mississippi Supreme Court affirmed on July 22, 2015 (April 23, 2015, plus ninety days). Without statutory or equitable tolling, Cook's petition would have been due on or before July 22, 2016.

Cook, however, is entitled to statutory tolling for the period during which his *pro se* "Petition for Writ of Certiorari," which was treated as a motion for postconviction relief, was pending. The motion was filed on July 28, 2015,[1] and

---

[1] Cook's petition is not dated. It was stamped "filed" by the Mississippi Supreme Court on July 31, 2015. (ECF No. 12-4). Based on the standard three days for service by mail under

denied on November 19, 2015, meaning that Cook is entitled to 114 days of statutory tolling (July 28, 2015 through November 19, 2015). As a result of statutory tolling, Cook's federal habeas petition was due on or before November 14, 2016 (July 22, 2016, plus 114 days).[2] It was filed on October 27, 2017.

It is not necessary to resolve whether Cook's successive motion for postconviction relief could be considered a properly filed application that tolls the statute of limitations. This is because the motion was pending 193 days (April 3, 2017 through October 13, 2017), a time period that does not sufficiently extend the filing deadline to render Cook's petition timely.

Cook conclusively asserts that he should be able to avoid the statute of limitations because he is "actually innocent." (ECF No. 1, at 14). In *McQuiggin v. Perkins,* the United States Supreme Court held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." 569 U.S. 383, 392 (2013). The actual innocence exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 384

---

Mississippi Rule of Civil Procedure Rule 6(e), the petition should be considered filed on July 28, 2015.

[2] As noted by the State, the due date fell on Sunday, November 13, 2016. As such, the next business day would be the proper due date.

(citing *Schlup v. Delo*, 513 U.S. 298 (1995)). To be credible, a claim of actual

innocence

> requires petitioner to support his allegations of
> constitutional error with new reliable evidence – whether
> it be exculpatory scientific evidence, trustworthy
> eyewitness accounts, or critical physical evidence – that
> was not presented at trial. Because such evidence is
> obviously unavailable in the vast majority of cases, claims
> of actual innocence are rarely successful.

*Schlup,* 513 U.S. at 324. A petitioner must persuade the court that "in light of the

new evidence, no juror acting reasonably, would have voted to find him guilty

beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (citing *Schlup,* 513 U.S.

at 329 and *House,* 547 U.S. at 538). Congress constrained the application of the

actual innocence exception by the inclusion of § 2244(b)(2)(B), which limits the

exception to cases in which the factual predicate for the claim could not have been

discovered previously through the exercise of due diligence. *Busby v. Davis,* ---F.3d--

, 2018 WL 2945071, *__ (5th Cir. 2018) (citing *McQuiggin,* 569 U.S. at 395).

Cook has not asserted a valid actual innocence claim because he does not

allege any specific facts, much less offer new evidence, tending to show that he is

actually innocent of his 2013 convictions. Instead, Cook makes arguments regarding

what his trial and appellate counsel should have argued or done. Cook may not

proceed through the actual innocence gateway to overcome the limitations bar.

Cook alleges that he is entitled to equitable tolling. (ECF No. 1, at 13-14). In

appropriate cases, the limitations period may be equitably tolled. *Holland v.*

*Florida,* 130 S. Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 2562. Equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder,* 204 F.3d at 174). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder,* 204 F.3d at 171. "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 316 (5th Cir. 2013).

Cook does not advance any claims premised upon newly discovered evidence or based upon legal claims previously unavailable to him. The factual predicates of his ineffective assistance of counsel claims were known to Cook before the statute of limitations began to run and are irrelevant for purposes of equitable tolling. *See LeBlanc v. Travis,* 352 F. App'x 966, 967 (5th Cir. 2009) (petitioner presented no reason why he could not have reasonably presented evidence of alleged ineffective assistance of counsel through exercise of due diligence); *Abshire v. Quarterman,* Nos. 3:08-cv-130-M, 3:08-cv-205-M, 2008 WL 2604815, at *3 (N.D. Tex. June 30, 2008) ("Since [trial counsel's conduct] occurred before the date on which Petitioner's

10

convictions became final, it is irrelevant for purposes of equitable tolling"). Cook had the opportunity to raise his due process and ineffective assistance of counsel claims in his first motion for postconviction review.

That Cook decided to proceed *pro se* and not hire counsel until after he had filed a motion for postconviction relief in state court was not an external factor beyond Cook's control. Cook also did not file a protective federal petition requesting that proceedings be stayed until resolution of the "Extraordinary Writ," which was deemed a successive motion for postconviction relief. *See Pace v. GiGuglielmo,* 544 U.S. 408, 416 (2005); *Palacios v. Stephens,* 723 F.3d 600, 607-08 (5th Cir. 2013) (petitioner did not act diligently by waiting seven months into AEDPA limitations period to retain counsel, and by not filing a protective federal petition after he fired his counsel). That all state remedies must be exhausted before filing a habeas petition in federal court is not a "rare and exceptional circumstance." All petitioners must adhere to exhaustion requirements. Cook is responsible for his own default in failing to timely file his Petition. Cook has not alleged facts showing any equitable basis exists for excusing his failure to timely file his Petition.

Because untimely federal petitions are barred from federal court review, the Petition, filed in January 2018 concerning 2013 convictions, should be dismissed with prejudice as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3)

After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 2nd day of July, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE