```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                             NORTHERN DIVISION
```

**JOSEPH COOK**                                                **PETITIONER**

**VS.**                                **CIVIL ACTION NO. 3:17-cv-863-WHB-JCG**

**SUPERINTENDENT SMCI**
**JACQUELINE BANKS**                                           **RESPONDENT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the July 2, 2018, Report and Recommendation of United States Magistrate Judge John C. Gargiulo. After considering the R and R, Petitioner's Objection thereto, the other pleadings in this case, and supporting and opposing authorities, the Court finds it should be adopted in its entirety, over Petitioner's Objection.

## I.   Discussion

On April 11, 2013, Joseph Cook ("Cook") was convicted on two counts of sexual battery in violation of Mississippi Code Section 97-3-95(1)(d), and one count of directing or causing a felony to be committed by a person under the age of seventeen in violation of Mississippi Code Section 97–1–6. Cook was sentenced to a term of life imprisonment as to each count of sexual battery, and to a term of 20 years as to the count of directing a felony, with each sentence ordered to run concurrently.[1]  During the appeal taken by

---

[1] Cook was also sentenced as a habitual offender under Mississippi Code Section 99-19-81 based on his having two prior convictions for grand larceny.

Cook to the Mississippi Supreme Court, no rebuttal brief was filed on his behalf. Cook's convictions and sentences were affirmed. See Cook v. State, 161 So.3d 1057, 1059 (Miss. 2015).

On July 28, 2015, Cook filed a *pro se* "Petition for Writ of Certiorari" in the Mississippi Supreme Court, raising several errors that were allegedly made during trial and on appeal. As the Mississippi Supreme Court had heard Cook's direct appeal, and therefore there was no basis for granting certiorari, and because Cook's alleged errors included claims of ineffective assistance of counsel, the Mississippi Supreme Court treated Cook's Petition as a motion seeking post-conviction relief. The Motion was denied on November 19, 2015, on a finding that Cook had not shown the denial of a state or federal right.

On April 3, 2017, Cook (who was now represented by counsel) filed an "Extraordinary Writ: Motion to Reopen Direct Appeal or, in the alternative, Leave to Seek Post-Conviction Relief in the Trial Court." The pleading, which was treated by the Mississippi Supreme Court as a Motion for Post-Conviction Relief, was denied on August 23, 2017, on the grounds that there was "no arguable basis" for the claims alleged therein. Cook's Motion for Reconsideration of that Order was denied on October 13, 2017.

On October 27, 2017, Cook filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("2254 Petition") in this Court, alleging claims of ineffective assistance

of counsel and due process violations.  Superintendent Jacquelyn Banks ("Banks") filed a motion seeking dismissal of Cook's 2254 Petition on the grounds that it was untimely filed.  On review, United States Magistrate Judge John C. Gargiulo entered a Report and Recommendation ("R and R"), recommending that the Petition be dismissed as untimely.  See R and R [Docket No. 16].

In the R and R, Judge Gargiulo found that the Judgment in Cook's criminal case became final on July 22, 2015, id. at 7, and that he was entitled to equitable tolling from July 28, 2015, through November 19, 2015, during which time his "Petition for Writ of Certiorari" was pending before the Mississippi Supreme Court. Judge Gargiulo concluded that to be timely under the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], codified at 28 U.S.C. § 2244(d), Cook was required to file his 2254 Petition on or before November 19, 2016.  As Cook did not file his 2254 Petition until October 27, 2017, Judge Gargiulo found, and this Court agrees, that the Petition is time barred.  See 28 U.S.C. § 2244(d)(providing persons in custody pursuant to a state court judgment a one-year period in which to seek federal habeas corpus relief).

Judge Gargiulo then considered whether the applicable one-year limitations period was extended either (1) by a claim of actual innocence or (2) by the doctrine of equitable tolling.  On these issues, Judge Gargiulo found that the limitations period could not be tolled based on Cook's actual innocence claim because he had not

3

produced any "new evidence show[ing] it is more likely than not that no reasonable juror would have convicted [him]." R and R, 8 (quoting McQuiggin v. Perkins, 569 U.S. 383, 384 (2013)). Next, Judge Gargiulo found that Cook had failed to show that equitable tolling should apply in this case. See id. at 9-11. Upon finding Cook's 2254 Petition was filed after the applicable one-year statute of limitations expired, and that the limitations period had not been tolled, Judge Gargiulo recommended that Banks's Motion to Dismiss be granted, and Cook's 2254 Petition be dismissed, with prejudice, as untimely.

Cook timely objected to the R and R. Under Rule 72(b) of the Federal Rules of Civil Procedure, a district judge has the authority to review a magistrate judge's report and recommendation and, upon the filing of a proper, timely objection, must conduct a *de novo* review. Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993)(citations omitted). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

In his objection, Cook argues that the R and R "does not adequately address [his] contention that his Constitutional guarantees to due process were violated by the manner in which the Mississippi Supreme Court handled his abortive *pro se* 'writ of certiorari' through failure to observe its own mandated outline of

4

due process in addressing *pro se* submissions to the Court." Obj. [Docket No. 19], 2. Succinctly, Cook argues that the Mississippi Supreme Court failed to properly ensure that he had knowingly and voluntarily waived his right to counsel before considering his *pro se* Motion for Post-Conviction Relief.[2] Under Mississippi law, however, "a criminal defendant has neither a state nor a federal constitutional right to appointed counsel in post-conviction proceedings." Watts v. State, 981 So.2d 1034, 1037 (Miss. App. Ct. 2008). As Cook did not have a right to be represented by counsel on his post-conviction motion, the Court finds he has not shown that the failure by the Mississippi Supreme Court to ensure a proper waiver of that non-existent right establishes an extraordinary circumstance that would justify the tolling of the applicable statute of limitations. Accordingly, the Court overrules this objection.

Next, Cook objects to the R and R on the grounds that it "states that [he] did not act diligently by waiting seven months into the AEDPA limitations period to retain counsel, and by not filing a protective federal petition after he 'fired' his counsel." Obj., 5. Cook apparently challenges the accuracy of this statement on the grounds that he never fired his attorney. Id. The reference

---

[2] In support of his argument, Cook cites to Grim v. State, 102 So.3d 1073 (Miss. 2012). Grim is not applicable in this case, however, because the issue decided by that court concerned a criminal defendant's right to counsel, and waiver of that right, at trial and during his or her first direct appeal.

5

to the fired attorney in the R and R, however, is not directed at Cook but, instead, is contained in a parenthetical attributed to Palacious v. Stephens, 723 F.3d 600, 607-08 (5th Cir. 2013). Accordingly, the Court overrules this Objection.

In sum, having considered the R and R, and having conducted the required *de novo* review of portions to which Cook objected, the Court agrees that Cook's 2254 Petition is time barred and should be dismissed for that reason. Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the dismissal of this case over Cook's objections.

**II. Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the July 2, 2018, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 16], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondent to Dismiss [Docket No. 12] is hereby granted. A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 27th day of September, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE