IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH COOK**                                                                    **PETITIONER**

**V.**                                                    **CAUSE NO. 3:17-CV-863-CWR-JCG**

**SUPERINTENDENT SMCI**                                      **RESPONDENT**
**JACQUELYN BANKS**

## ORDER

Before the Court is petitioner's motion seeking relief from the District Court Judgment. Docket No. 27. On review, the motion will be denied.

**I.**      **Factual and Procedural History**

In 2013, Joseph Cook was convicted and sentenced to two terms of life imprisonment and a term of 20 years, with each sentence to run concurrently, by the Circuit Court of Rankin County, Mississippi. In 2015, the Mississippi Supreme Court affirmed Cook's conviction. *See Cook v. State*, 161 So.3d 1057 (Miss. 2015). Later in 2015, Cook filed a *pro se* "Petition for Writ of Certiorari" in the Mississippi Supreme Court, which the Court denied in November of that year.

In 2017, Cook renewed his efforts for postconviction relief by filing an "Extraordinary Writ: Motion to Reopen Direct Appeal or, in the alternative Leave to Seek Post-Conviction Relief in the Trial Court." The Mississippi Supreme Court treated Cook's motion as a Motion for Reconsideration, which it denied on October 13, 2017. In response, on October 27, 2017, Cook filed a habeas petition in the United States District Court for the Southern District of Mississippi under 28 U.S.C. § 2254. The District Court dismissed Cook's motion with prejudice on September 27, 2018.

Cook now submits that he initially attempted to challenge the September 2018 Order on October 3, 2019. Unfortunately, Cook alleges that a mistake at the prison led to the inadvertent mailing of the filing to his family, rather than the court. The Government disputes this account.

Cook filed the present Rule 60(b) motion seeking relief on September 14, 2020. In his motion, Cook alleged several infirmities with the legal proceedings in his case. These included ineffective assistance of counsel, lack of notice of the status of his direct appeal by the Mississippi appellate courts, incorrect categorization of his appeal by the Mississippi Supreme Court, loss of his timely appeal in the mail, and violations of his constitutional right to due process.

## II.     Legal Standard

Two provisions determine the disposition of this case: 28 U.S.C. § 2244 and Fed. R. Civ. P. 60(b).

### A.     AEDPA

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs writs of habeas corpus filed by detained persons. *See* Pub. L. No. 14-132, 110 Stat. 1214. To successfully file a writ of habeas corpus under this statute, a person detained by a State government must apply within one year of the entry of a final judgment by a State court. 28 U.S.C. § 2244. Specifically, the statute provides that "[t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d).

    **B.**    **Rule 60(b)**

The United States Supreme Court has held "that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). But to succeed, the motion must also provide "an 'extraordinary circumstance' justifying relief." *Id.* And the habeas petitioner must still adhere to Rule 60's time limitations. Fed. R. Civ. P. 60(c)(1).

Extraordinary circumstances rarely arise in the context of habeas relief. *Gonzalez*, 545 U.S. at 535. Such circumstances must constitute more than mere "inadvertence, indifference, or careless disregard of consequences." *Klapprott v. United States*, 335 U.S. 601, 613 (1949). For instance, the Supreme Court has held that federal government officials preventing a petitioner from mounting a defense constitutes an extraordinary circumstance. *Id.* at 613-14.

**III.**    **Discussion**

    **A.**    **AEDPA**

The Magistrate Judge found that Cook's habeas petition was barred because it was untimely. Docket No. 16 at 9-11. In dismissing Cook's habeas claim with prejudice, the District Court adopted the Magistrate Judge's determination. Docket No. 26. Thus, the District Court dismissed Cook's habeas petition because he filed it after the statute of limitations on his claim expired.

    **B.**    **Rule 60(b)**

Rule 60(b) provides no relief to Cook. Subparts (1) through (5) of Rule 60(b) do not apply to Cook's motion. Thus, to obtain relief, Cook must meet the "extraordinary circumstances" standard set by Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535.

Cook's allegations fail to meet this high threshold. The District Court already considered Cook's claims for habeas relief and found them unavailing. Docket No. 25 at 4. In reviewing these claims anew, this Court also finds that they do not constitute extraordinary circumstances under Rule 60(b)(6). For example, as the Magistrate Judge found, Cook's allegation that the Mississippi appellate courts failed to notify him of the status of his direct appeal does not constitute an extraordinary circumstance. Accordingly, this Court must deny Cook's motion.

## IV.  Conclusion

For the foregoing reasons, petitioner's motion seeking relief is denied.

**SO ORDERED**, this the 23rd day of August, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE